IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WHITNEY JOSEPH LITTLE,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)   Criminal No. 1:10-cr-135<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant's Motion for Compassionate Release or Release to Home Confinement.

On June 30, 2010, Defendant pleaded guilty to conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846. On October 22, 2010, the Court sentenced Defendant to 180 months of imprisonment, eight years of supervised release, and a $100 special assessment. Defendant is currently incarcerated at the Federal Correctional Institute (FCI) at Cumberland.

On April 1, 2020, Defendant first submitted a request for either compassionate release or home confinement to the warden at his Bureau of Prisons (BOP) facility, mentioning his potential vulnerability to COVID-19. On April 27, 2020, Defendant filed the Motion for Compassionate Release or Release to Home Confinement currently before the Court. He cited his high blood pressure, history of major surgery, and incarceration status as high-risk

factors for harm during the COVID-19 pandemic. On June 10, 2020, the Government filed an opposition. Having reviewed the arguments and the applicable law, the Court finds Defendant's claim for compassionate release does not meet the procedural and substantive statutory requirements, and finds there is no jurisdiction for Defendant's claim for home confinement.

The relevant provision for the compassionate relief claim states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c).

The purpose of the statutorily-mandated exhaustion period is clear: to provide BOP with the first opportunity to evaluate a prisoner's request. Congress determined that BOP, not the Court, is better positioned to first evaluate Defendant's request, assess the health risks unique to the Defendant and the spread of

contagion in the facility where he is confined, and consider whether modification of his term of imprisonment is appropriate.

The plain language of the statute provides that the Court "may not modify" a sentence "except" when a defendant files a motion "after" either all appeals under BOP are "fully exhausted" or "30 days" have lapsed since the warden received the defendant's request. 18 U.S.C. § 3582(c). The statutory language imposes a mandatory exhaustion requirement when no provision for an exception has been made. See, e.g., Ross v. Blake, 136 S.Ct. 1850 (2016); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (declining to remand to the district court because the lack of exhaustion "present[ed] a glaring roadblock foreclosing compassionate release at this point.").

At the time he filed his motion, Defendant had not fully exhausted his administrative appeals and thirty days had not lapsed since the warden received Defendant's original request. Therefore, Defendant has not satisfied the procedural requirements of 18 U.S.C. § 3582(c)(1)(A). It is irrelevant that, as of today, thirty days have lapsed since the receipt of Defendant's request. U.S.C. § 3582(c)(1)(A) permits a court to review a defendant's claim "upon [a] motion after" the 30 day requirement has been met.

Nevertheless, even if the procedural requirements were met, Defendant has not sufficiently demonstrated there are

3

"extraordinary and compelling reasons" for a term reduction because of COVID-19. 18 U.S.C. § 3582(c)(1)(A)(i).

Courts have consulted the Sentencing Commission's policy statements to determine what constitutes extraordinary and compelling reasons for compassionate release. United States v. Feiling, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020). While these policy statements may not be binding after the First Step Act of 2018, see United States v. White, No. 2:07cr150, 2020 WL 1906845, at *1 n.1 (E.D. Va. Apr. 17, 2020), they have informed the analysis for compassionate release claims in the context of COVID-19. See id. at *1 n.2. When citing COVID-19 as an extraordinary and compelling reason for release, defendants must show both a "particularized susceptibility" to COVID-19 and a "particularized risk" of contracting COVID-19. Feiling, 2020 WL 1821457, at *7.

Defendant has not sufficiently demonstrated a particularized susceptibility to COVID-19. In his motion, Defendant claims to have undergone major surgery in the past and suffer from high blood pressure, but has not provided supporting evidence. The Government points out that Defendant's requests to the warden failed to mention any particular health issues he might have, but that does not preclude him from citing such factors later on. However, Defendant has not even explained the extent to which his alleged

4

health ailments raise the likelihood of an adverse outcome with COVID-19.

Moreover, Defendant has failed to show he faces a particularized risk of contracting COVID-19. BOP represents that the FCI Cumberland camp that houses Defendant has no suspected or positive inmate cases of COVID-19. While the camp is adjacent to a medium security federal correctional institution, these facilities are separate and their inmates do not interact. Defendant cites BOP nationwide trends in cases as evidence of the particularized risk he faces, but that misunderstands the relevant inquiry in this analysis. Defendant's particularized risk must be supported by evidence of an actual outbreak in his facility, not simply the mere possibility of COVID-19 spreading to his camp. See Raia, 954 F.3d at 597 (explaining that "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release."); see also Feiling, 2020 WL 1821457, at *7.

Without a showing of particularized susceptibility and risk, Defendant cannot rely on COVID-19 as an extraordinary and compelling reason for compassionate release.

With respect to Defendant's home confinement claim, the relevant provision in 18 U.S.C. § 3624(c)(2) provides that "the Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the

maximum amount of time permitted . . . ." § 3624(c)(2) was subsequently amended by § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, which states that "the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement . . . as the Director determines appropriate."

The CARES Act makes clear that decisions over home confinement under 3624(c)(2) initially lie with the BOP Director, not the courts. Consequently, the Court lacks jurisdiction over Defendant's claim for home confinement.

For the foregoing reasons, this Court concludes that Defendant's Motion for Motion for Compassionate Release or Release to Home Confinement should be denied. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 23, 2020